CUMBERLAND TELEPHONE & TELEGRAPH COMPANY v. ALMA MARTIN.

[46 South. 247.]

TRESPASS. *Cutting trees. Penalties. Code* 1906, § 4977.

    Where defendant had maintained telephone wires along the side of a road, and had cut out the undergrowth which interfered with the wires, without objection for seven years before plaintiff acquired title to the property by descent, defendant's act in cutting away such small growth as interfered with the operation of the wires thereafter did not constitute a wilful or malicious cutting for which plaintiff could recover statutory penalties.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Mrs. Martin, appellee, was plaintiff in the court below; the telephone company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The opinion of the court sufficiently states the facts.

*Harris & Willing,* for appellant.

The appellant was not liable to appellee for the statutory penalty, under the evidence. The appellant sought to show that appellee's father, from whom she inherited the land, had given appellant the right to put its poles and wires where they were situated when the suit was instituted, but the court below erroneously held this to be incompetent. However, the record shows that the wires had been so situated for the continuous period of seven years within the knowledge of the appellee. No complaint has ever been made, aside from this suit, because of the wires and poles being so located.

The appellee testified that the trees and bushes cut were only such as were necessarily cut to clear the wires and allow proper service.

There was no proof whatever that the bushes, saplings and trees cut were of any value. The suit was not for actual value but for statutory penalty, under Code 1906, § 4977, and as the evidence showed that the cutting was not wilfully and maliciously done, the peremptory instruction asked by appellant in its behalf should have been given.

The evidence fails to show how many trees were cut, that is, how many which would fall within the terms of the statute. Some of the cutting was of bushes and limbs growing upon stumps; some of shrubs and switches no thicker than a man's little finger. Certainly where suit is upon a penal statute the proof should be clear and convincing and specific. *Mhoon v. Greenfield,* 52 Miss. 434; *Clay v. Telegraph Co.,* 70 Miss. 406,. 11 South. 658.

CALHOON, J., delivered the opinion of the court.

This was an action for the statutory penalty only, for trees cut. The plaintiff below derived her right to the property from her father in April, 1905. When she came into the property, she found there the telephone wires extending along the side of the road over some of the land. These telephone wires had been in the same place they now are for seven years, and no complaint was ever made, before this action, of the company's keeping the undergrowth cut out, which interfered with the wires. The proof in this record shows that there was no wilful or malicious cutting. On the contrary, it shows that the company only cut along its way such small growth as interfered with its operation. It is perfectly plain in this case that there was no appreciable damage done, and that the only hope of the plaintiff below was to get the statutory damages.

This is manifestly a case where there should be strict construction as against this highly penal statute. The wires had been there for over seven years. When the plaintiff below came into possession of the property she found them there. It is to be presumed, on the face of this record, that they were permis-

sively there.   If so, the company had the right presumably, to keep the way clear for the proper use of its instruments of communication.   While we cannot notice the action of the court below in its rulings on the admission and exclusion of testimony, because the attention of the court was not called to it specifically in the motion for a new trial, it is still true that no mind can rest on the proof as to the number of trees, under the definition of trees given in *Clay v. Telegraph-Cable Co.,* 70 Miss. 406, 11 South. 658, which were cut on the land.   The cutting was done, manifestly, with the idea that there was a right to do it, and in no sense could it be called, under the facts, willful or malicious. There was no announcement of the withdrawal of the privilege to the company to do what it had previously been permissively doing, and in the present aspect of the case, we do not think the verdict should be permitted to stand.   We think there should be a new trial so that all the facts may appear before the court.

*Reversed and remanded.*